In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00106-CR

____________


GREGORY SCOTT WELLMAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court 

Harris County, Texas

Trial Court Cause No. 851336






O P I N I O N

 Appellant, Gregory Scott Wellman, was charged in two indictments with
separate incidents of aggravated sexual assault of a child. In a joint trial for both
offenses, a jury found appellant not guilty in cause number 860008 and guilty in
cause number 851336 and assessed punishment at seven and one-half years
confinement and a $5000 fine. In appellant's single point of error he contends that
the evidence was factually insufficient to support his conviction. We affirm.

Background

 On May 8, 2002, at approximately 2:50 a.m., Katherine Wellman, appellant's
wife, awoke and noticed that appellant was not in bed. She went to the room
occupied by her 11-year-old daughter, R.M., turned on the light, and found appellant
in R.M.'s bed. The mother saw R.M. lying on her right side with her panties pulled
down below her buttocks and saw appellant lying on his right side behind R.M. The
mother testified that appellant had an erection. Appellant claimed that he had been
sleepwalking.

 Initially, R.M. told her mother that nothing had happened with appellant. 
However, in response to further questioning by her mother, R.M. said that appellant 
had pulled down her panties, pulled on her genitals and breasts, and tried to insert his
penis into her vagina. Then appellant asked her if it felt good.

 Later that day, the mother took R.M. to the Children's Assessment Center. 
After Dr. Rebecca Girardel gathered R.M.'s medical history, she performed a physical
examination of her. The results of the medical examination were consistent with
R.M.'s claim that appellant had pushed his penis against her vaginal opening. There
was redness around R.M.'s hymen and an abrasion on the posterior fourchette. There
was no evidence of trauma to the hymen itself. 

 R.M. was also interviewed on videotape by an employee at the Children's
Assessment Center. R.M. told the interviewer of the above events and claimed that 
appellant had also sexually abused her approximately one month earlier. (1)Factual Sufficiency

 In his sole point of error, appellant argues that the evidence is factually
insufficient to support his conviction of aggravated sexual assault. Under the factual
sufficiency standard, we ask "whether a neutral review of all the evidence, both for
and against the finding, demonstrates that the proof of guilt is so obviously weak as
to undermine confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof." King v. State, 29
S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse the fact-finder's
determination only if a manifest injustice has occurred. Id. We may disagree with
the jury's determination, even if probative evidence supports the verdict, but we must
avoid substituting our own judgment for that of the fact-finder. Id.

 A person commits aggravated sexual assault if he/she: (1) intentionally or
knowingly; (2) causes the sexual organ of a child to contact or penetrate the mouth,
anus, or sexual organ of another person, including the actor; and (3) if the victim is
younger than 14 years of age. Tex. Pen. Code Ann. §22.021(a)(1)(B)(iii) and
(a)(2)(B) (Vernon Supp. 2002).

 After reviewing all the evidence, including the videotape, we hold that the
evidence is factually sufficient to support appellant's conviction. R.M. testified that
appellant lay down behind her, removed her covers, pulled down her panties and
pushed his penis against her vagina. The mother testified that she saw appellant lying
in bed beside R.M., that he had an erection and that R.M.'s panties were below her
buttocks. The medical evidence was consistent with R.M.'s allegations.

 Appellant claims that he was sleepwalking. The mother testified that appellant
had walked in his sleep on one occasion before this incident. Appellant presented
evidence that R.M. had previously been sexually assaulted by others. Appellant also
argues that R.M.'s demeanor on the videotape proves that she was coached by her
mother. Appellant argues that even though the video was taken the same day as the
alleged incident, R.M. was not shy, embarrassed or reluctant to talk. In appellant's
opinion, R.M. did not seem to be disturbed or traumatized in the video. Moreover,
appellant contends that the variation in R.M.'s and her mother 's accounts of a
derogatory statement allegedly made by appellant --the mother testified that
appellant called R.M. a wetback, while R.M. testified that appellant called her an
immigrant-- further proves that R.M. was coached by her mother.

 The jury, as the sole judge of the credibility of the witnesses and the weight to
be given to their testimony, may choose to accept or reject all or any part of the
testimony. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). Thus, the
jury was free to believe the mother 's and R.M.'s testimony. The fact that R.M. may
have been sexually assaulted by others does not negate her testimony that appellant
also sexually assaulted her. The evidence supporting appellant's conviction was not
greatly outweighed by contrary evidence. Therefore, we hold that the evidence was
factually sufficient to support appellant's conviction for aggravated sexual assault of
a child.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court.



 Adele Hedges

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. (2)

Do not publish. Tex. R. App. P. 47.4.
1. This claim was the subject-matter of cause number 860008, which was tried at
the same time as the case at bar. The jury acquitted appellant of this charge.
2. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.